MEDAD T. MORSS, APPELLANT, v. JAMES C. PURVIS AND OTHERS, RESPONDENTS.

*Sale under execution — right of creditor to redeem — when and where redemption must take place.*

Where a judgment creditor attempts to redeem premises sold under a prior judgment, on or after the last day of the fifteen months allowed by law for that purpose, such redemption, to be valid, must take place at the sheriff's office of the county where the sale took place.

*Gilchrist* v. *Comfort* (34 N. Y., 235) followed.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

The facts are stated in the opinion.

*J. L. Stewart*, for the appellant.

*T. F. Bush*, for the respondents.

* 52 N. Y., 502.　　　† See, also, Perry v. Lorillard Fire Ins. Co., 6 Lans., 201.

BOCKES, J. :

The plaintiff's judgment against James P. Overton, docketed on the seventeenth of March, gave him a standing in court to demand and have the fraudulent deed made by the judgment debtor to his son, declared inoperative and void, as to such judgment, with a view to secure the right of redemption thereunder. But, to render his right to redeem effectual, the plaintiff was bound to show performance of all the statutory requirements, necessary to entitle him to the sheriff's deed, had the fraudulent conveyance never been made. In other words, he must show himself entitled to the sheriff's deed ; putting the fraudulent conveyance out of the question, as of no effect and void. Then, admitting the case to stand the same as if James P. Overton still held the title on the seventeenth of March, when the plaintiff's judgment was docketed and became a lien on the premises claimed, the question is, did the plaintiff show a compliance on his part with the provisions of the statute, entitling him to the sheriff's deed as a redeeming creditor? The sheriff's sale under the prior judgment, took place on the 16th of January, 1869. The time fixed by the statute, within which creditors might make redemption — to wit, fifteen months — expired on the 16th of April, 1870. On that day, the plaintiff made an attempt to redeem, as a judgment creditor under his judgment, by presenting the necessary papers to the sheriff, all in due form, and paying him the requisite sum to secure the deed to himself. But this was done at a place, other than the sheriff's office. As stated in the finding of fact, " this transaction took place at the office of Judge BUSH, * * * and no attempt was made by said Morss to redeem the said premises at the sheriff's office."

Now, the statute,* requires all redemptions, made *on* or after the last day of the fifteen months by any creditor, to be made " at the sheriff's office of the county in which the sale took place." The attempted redemption was made on the last day of the fifteenth month, but was not made at the sheriff's office. Consequently, in this case the statute was not complied with, for there was no redemption made, or attempted by the plaintiff, at the sheriff's office, and the proceeding by him in his atttempt to redeem, was ineffectual, being without authority of law. The decision in *Gil-*

* Laws of 1847, chap. 410, § 3.

*christ* v. *Comfort*,* is directly in point. It was there held, that the mode of obtaining title to land, sold under execution, is wholly a creation of the statute, and its provisions must be strictly followed; and further, that since the act of 1847, a redemption by a creditor *on the last day* given for redeeming, to be valid and effectual, must be made at the office of the sheriff of the county in which the sale took place. The facts of that case will be found, on examination, to be the same as here on every material point, and the opinion of the court, per WRIGHT, J., leaves nothing to be added by way of suggestion or argument. After considering the question in its various bearings, he says, in conclusion: "Since the act of 1847, therefore, a redemption by a creditor, on the last day allowed for redeeming, to be valid and effectual, must be made at the sheriff's office of the county in which the sale took place. The redemption attempted by Gilchrist, was on the last day of the fifteen months, and was made to the sheriff at his dwelling-house, and not at his office. It was, consequently, ineffectual and void, and did not entitle him to a deed of the premises in dispute." This case seems entirely decisive of the one under examination; and the conclusion of the court on the trial, that the attempted redemption by Morss was of no effect and void, was right.

There is no element of fraud in the case, as regards the attempted redemption. The plaintiff's misfortune seems to have resulted from his own neglect to comply with the provisions of law, enacted for the benefit of judgment creditors.

The judgment appealed from must be affirmed, with costs.

MILLER, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.

* 34 N. Y., 235.